UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARTNER, INC.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>THE HACKETT GROUP, INC., JEFFREY FARAMO, and JOHN VAN DECKER,<br><br>　　Defendants. | No. 3:23-cv-688 (SRU) |

**PRELIMINARY INJUNCTION ORDER**

　　At the October 24, 2023 hearing on Plaintiff Gartner, Inc.'s ("Gartner") motion for a preliminary injunction, all defendants agreed on the record to stipulate to the entry of an injunction requiring them to return or destroy all of Gartner's allegedly confidential and trade-secret information in the possession of Jeffrey Faramo, John Van Decker, or Hackett (if obtained from Faramo or Van Decker). On the basis of the evidence submitted in this case, which satisfies the requirements of Federal Rule of Civil Procedure 65(b), as well as the consent of the parties, I find that a preliminary injunction requiring the defendants to return or destroy all confidential and trade-secret documents belonging to Gartner that were allegedly obtained by improper means is appropriate pending the determination of the merits of Gartner's trade secrets claims.

　　Therefore, the Motion for a Preliminary Injunction is granted to the extent set out below.

　　**IT IS ORDERED** that The Hackett Group, Inc., Jeffrey Faramo, John Van Decker, their agents, servants, employees, and attorneys, and all persons acting in concert with them who receive actual notice of this order, shall promptly return to Gartner, Inc. and/or destroy any and all documents, including any form of electronic documents, that contain confidential information (defined as information related to the operation of Gartner's business, including, without

limitation, knowledge of the Company's tangible and intangible assets and other information obtained by Faramo and Van Decker in their course of their respective employments), and any copies thereof, in any form, in the possession of The Hackett Group, Jeffrey Faramo, or John Van Decker. This order shall not require the return or destruction of documents obtained by The Hackett Group from sources other than Jeffrey Faramo and John Van Decker, nor shall this order limit defense counsel's ability to retain Gartner documents on an Attorneys' Eyes Only basis for use in this litigation. All defendants shall certify their compliance with this order within 14 days of its entry.

      So ordered.

      This injunction issues without a bond.

Dated at Bridgeport, Connecticut, this 7th day of November 2023.

                                              /s/ STEFAN R. UNDERHILL
                                              Stefan R. Underhill
                                              United States District Judge